UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS,<br><br>    Plaintiff,<br><br>    v.<br><br>RICHARD LIEFER, as Trustee of the Hulda Alice Yud Family Trust Dated July 27, 1993; HULDA ALICE YUD REVOCABLE INTERVIVOS TRUST - LIVING TRUST AGREEMENT DATED JULY 27, 1993; HULDA A. YUD FAMILY TRUST, LIVING TRUST AGREEMENT, DATED FEBRUARY 19, 1995; RICHARD LIEFER, as Personal Representative of the Estate of Hulda A. Yud,<br><br>    Defendants. | Case No. 09-cv-483-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own initiative. The Court has an independent duty to ensure that it has subject matter jurisdiction to hear cases brought before it. *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994); *see also Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998) (citing *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir. 1986) ("[O]nce the district judge has reason to believe that there is a serious jurisdictional issue, he is obliged to resolve it before proceeding to the merits even if the defendant, whether as a matter of indolence or strategy, does not press the issue.")).

Plaintiff Thrivent Financial for Lutherans (Thrivent) issued a Settlement Agreement (the 2007 Contract) and a Single Premium Immediate Annuity (the 2008 Contract) to Hulda A. Yud (Yud). Yud died on March 5, 2009. Thrivent owes a death benefit of $200,902.99 to the designated beneficiary(s) of the 2007 Contract and a death benefit of $279,558.13 to the designated beneficiary(s) of the 2008 Contract. The named primary beneficiary of the 2007 Contract is the Hulda Alice Yud Revocable Intervivos Trust - Living Trust Agreement dated July 27, 1993 (Trust I). The named primary beneficiary of the 2008 Contract is the Hulda A. Yud Family Trust, Living Trust

Agreement, dated February 19, 1995 (Trust II). The secondary beneficiary of both the 2007 Contract and the 2008 Contract is the Estate of Hulda Yud.

Thrivent believes that Trust I and Trust II do not exist as separate trust agreements. Thrivent believes that Yud intended to name the Hulda Alice Yud Family Trust dated July 27, 1993 (Trust III) as the primary beneficiary of both the 2007 Contract and the 2008 Contract. Thrivent asks the Court to reform the 2007 Contract and the 2008 Contract to name Trust III as the primary beneficiary of each.

Federal jurisdiction in this case is premised on 28 U.S.C. § 1332, in that Plaintiff and Defendants are of diverse citizenship and more that $75,000 is in controversy. However, the Supreme Court has recognized a "probate exception" to otherwise proper federal jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006). "[T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate. . . ." *Id*. at 311.

It appears from the Complaint that Thrivent is asking the Court to reform the Contracts to name a new primary beneficiary in order to prevent the death benefits under the Contracts from passing in probate to the Estate of Hulda Yud, the secondary beneficiary of the Contracts. This appears to be a matter squarely within the exclusive jurisdiction of the state probate courts. The Court, therefore, **Orders Plaintiff to Show Cause** on or before July 17, 2009 why this case should not be **dismissed for lack of jurisdiction** as falling within the probate exception to federal jurisdiction.

**IT IS SO ORDERED.**
**DATED: June 30, 2009**

                                                    s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**