UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THRIVENT FINANCIAL FOR LUTHERANS, <br><br>           Plaintiff, <br><br>     v. <br><br> RICHARD LIEFER, *as Trustee of the Hulda Alice Yud Family Trust dated July 27, 1993 & as the Personal Representative of the Estate of Hulda Alice Yud*, HULDA ALICE YUD REVOCABLE INTER VIVOS TRUST, *a Living Trust Agreement dated July 27, 1993*, and HULDA ALICE YUD FAMILY TRUST, *a Living Trust Agreement dated February 19, 1995*, <br><br>           Defendants. | Case No. 09-cv-483-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Thrivent Financial for Lutherans' ("Thrivent") Motion for Service by Publication (Doc. 18).  Specifically, Thrivent seeks to achieve service by publication of Defendant Hulda Alice Yud Revocable Inter Vivos Trust, a living trust agreement dated July 27, 1993 ("Trust 1"), and Defendant Hulda Alice Yud Family Trust, a living trust agreement dated February 19, 1995 ("Trust 2").

In a 2007 settlement agreement signed by Hulda Alice Yud ("Yud") and Thrivent, Yud deemed Trust 1 as the primary beneficiary.  Meanwhile, in a 2008 single premium immediate annuity, Yud deemed Trust 2 as the primary beneficiary.  Following Yud's death on March 5, 2009, Thrivent now owes death benefits of $200,902.99 and $279,588.13 respectively to its client's designated beneficiaries.  However, following investigation, Thrivent has not been able to locate any trustees, beneficiaries, or other agents of Trust 1 or Trust 2.  Instead, Richard

Liefer, as the trustee of the Hulda Alice Yud Family Trust dated July 27, 1993 ("Trust 3"), made claims against Thrivent, seeking entitlement to all of the benefits in the settlement agreement and annuity. Liefer is also the personal representative of Yud's estate, and his attorney has entered an appearance in this case.

Indeed, it is likely that Yud intended to designate Trust 3 as beneficiary of both the settlement agreement and annuity. Nevertheless, Thrivent must first attempt to achieve service of process on Trust 1 and/or Trust 2 if the Court is to have personal jurisdiction over them in this litigation.

Federal Rule of Civil Procedure 4(e)(1) permits a plaintiff to utilize state law means in attempting to effectuate service. Illinois law makes clear the following:

> Whenever, in any action affecting property or status within the jurisdiction of the court, including an action to obtain . . . reformation of a contract for the conveyance of land, plaintiff or his or her attorney shall file, at the office of the clerk of the court in which the action is pending, an affidavit showing that the defendant[s] . . . on due inquiry cannot be found . . . so that process cannot be served upon him or her, and stating . . . that upon diligent inquiry his or her place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper published in the county in which the action is pending. . . .

735 ILL. COMP. STAT. 5/2-206 (2008). The Court notes that the statute's "contract for the conveyance of land" clause, which explicitly addresses contractual reformation, appears to be illustrative rather than exhaustive. Furthermore, the statute, by its very nature, addresses *in rem* jurisdiction, which can include proceedings involving trusts. *See Kotlisky v. Kotlisky*, 552 N.E.2d 1206, 1211 (Ill. App. Ct. 1990) ("the assumption . . . [is] that a mattter involving 'property or status' (*in rem*) will permit service by publication."). As such, it would be appropriate to apply the statute to the instant facts. The Illinois statute goes on to prescribe the specific requirements concerning service by publication. *See* § 5/2-206.

Here, the Court is satisfied that Thrivent has duly inquired as to the location of any trustees, beneficiaries, or other agents of Trust 1 and Trust 2 for the reasons articulated in its motion and requisite affidavit attached thereto.  Despite such diligence, Thrivent has been unable to ascertain the identification or residence of any person with knowledge of Trust 1 or Trust 2.  Service of process via publication remains Thrivent's only remaining option if the Court is to obtain personal jurisdiction over Trust 1 and/or Trust 2.  Accordingly, the Court **GRANTS** the instant motion (Doc. 18).  The Court **ORDERS** that relevant notice shall be given by Thrivent via publication in *The Benton Evening News*, published in the city of Benton, Illinois, according to the specific procedure dictated in 735 ILCS 5/2-206(a) and 735 ILCS 5/2-207.  The only slight alteration that the Court mandates is, for purposes of 735 ILCS 5/2-206(a), the "title of the case" shall read as "Thrivent Financial for Lutherans vs. Hulda Alice Yud Family Trust dated July 27, 1993" instead of referencing Richard Liefer.  The Court further **ORDERS** that, at the onset of publication, Thrivent shall file a notice of publication with the Clerk of Court that contains the future dates of publication and has the proposed publication attached thereto.  Finally, the Court **ORDERS** that, at the conclusion of the publication period, Thrivent shall file an affidavit of publication with the Clerk of Court that is signed by a relevant member of the classifieds/legals section of *The Benton Evening News*.

**IT IS SO ORDERED.**
**DATED: November 20, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
